**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **LAWRENCE PATRICK PHILLIPS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.: 2:05-CV-1159-T** |
| | ) | |
| **ANTHONY CLARK, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' SPECIAL REPORT**

COME NOW the Defendant Covington County Sheriff Anthony Clark, and former Jail Administrator Kevin Smith and submit their Special Report to the Court as follows:

## I. INTRODUCTION

The Plaintiff filed the instant Complaint in the United States District Court for the Middle District of Alabama on December 7, 2005. In his Complaint, the Plaintiff alleges that he was assaulted by defendant Smith, denied medical attention, and put in danger of his personal safety while incarcerated at the Covington County Jail. On December 14, 2005, the Court ordered the Defendants to file a Special Report.

## II. PLAINTIFF'S ALLEGATIONS

The Plaintiff appears to allege that the Defendants were deliberately indifferent to a serious risk of harm to the Plaintiff by: (a) assaulting Plaintiff; (b) failing to provide medical attention; and (c) placing Plaintiff in harm's way by allowing contact with another inmate who intended to assault the Plaintiff.

## III. DEFENDANTS' RESPONSE TO PLAINTIFF'S ALLEGATIONS

Defendants Covington County Sheriff Anthony Clark and former Jail Administrator Kevin Smith deny the allegations made against them by the Plaintiff as said allegations are untrue and completely without basis in law or fact.

### A. FACTS

The Plaintiff in this action, Lawrence Patrick Phillips, was booked into the Covington County Jail as a pre-trial detainee on August 26, 2005, pursuant to charges for assault, possession of marijuana, and possession of drug paraphernalia. (See Exhibit A, Inmate File of Lawrence Patrick Phillips, attached herewith as Exhibit A and incorporated herein as if fully set forth.) At the time the Plaintiff was booked in, the booking officer made a note on the Inmate Data Sheet that the Plaintiff should not be in the same block with Letteron Stoudemire.

At the time the Plaintiff was booked into the Covington County Jail, a notation was made on his intake sheet that he was not to be placed in the same cell block as Letteron Stoudemire, whom he allegedly shot. (Complaint, Affidavit of Kevin Smith dated January 19, 2006 (hereafter, "Smith Aff."), attached hereto as Exhibit B and incorporated herein as if fully set forth, at ¶ 10.) Letteron Stoudemire was celled in "B" Block, and the Plaintiff was placed in "A" Block. (Smith Aff. at ¶ 10.) Subsequently, inmate Stoudemire was made a trustee at the jail and moved to the trustee hall. Id. Nevertheless, inmate Stoudemire never had access to "A" Block without being escorted and supervised by a correctional officer. Id.

In or about the middle of September, 2005, the Plaintiff and the Plaintiff's cousin, Hayward Phillips, requested that Defendant Smith issue them a pass for temporary release from the Covington County Jail in order to attend the funeral of a member of the family. (Smith Aff. at ¶ 12.) Smith informed both inmates that he could not give them a pass, but that he could

potentially arrange an escort to go with them to the funeral. Id. At this time, Hayward Phillips began to get unruly and disruptive, and Smith attempted to physically restrain him. Id. At this point, the Plaintiff grabbed Smith from behind, threw him against the jail wall, and attempted to strike him several times. Id. Smith managed to fend off most of the Plaintiff's attacks, suffering only one glancing blow to the head. Id. Inmate Hayward Phillips attempted to intervene and prevent the Plaintiff from continuing the attack. Id.

During the foregoing attack Smith yelled for assistance from another correctional officer, Rodney Burkett, who was in the jail control room. (Smith Aff. at ¶ 13.) Officer Burkett radioed for assistance, and then exited the control room and attempted to restrain the Plaintiff. Id. At this point the Plaintiff resisted and began fighting Officer Burkett. Id. Correctional Officer Fred Piland responded to Officer Burkett's call, and Smith, Officer Burkett and Officer Piland managed to restrain the Plaintiff and began escorting him to his cell. Id. On the way to his cell, the Plaintiff attempted to strike Smith again. Id. In an effort to control the Plaintiff and prevent the Plaintiff from striking him, defendant Smith grabbed the Plaintiff by the throat. Id. At this point Officer Piland sprayed the Plaintiff with chemical spray. Id. As a result of the chemical spray, the Plaintiff quit resisting and was escorted to his cell. Id. Upon observation, other than the normal temporary side effects of the chemical spray, the Plaintiff was not injured during the incident, and he did not request nor require medical assistance afterwards. (Smith Aff. at ¶ 14.)

At the time of the Plaintiff's incarceration, the Covington County Jail had an inmate grievance procedure. (Affidavit of Anthony Clark dated January 19, 2006 (hereafter, "Clark Aff."), attached hereto as Exhibit C and incorporated herein as if fully set forth, at ¶ 4; Smith Aff. at ¶ 4.) Grievances were required to be in writing and could be filed with any member of the jail staff. Id. Jail policy provided an exception that allowed emergency grievances to be

made orally. Id. Copies of all written grievances were placed in the inmate's file. Id. It was a violation of jail policy to deny an inmate access to the grievance procedure. (Smith Aff. at ¶ 6; Clark Aff. at ¶ 6.) The Plaintiff was aware of the grievance procedure. (Smith Aff. at ¶ 5; Clark Aff. at ¶ 5.) The Plaintiff did not file a grievance with respect to the subject matter of this lawsuit. (Smith Aff. at ¶ 7; Clark Aff. at ¶ 7.)

At the time of the Plaintiff's incarceration, the Covington County Sheriff's Department had a policy forbidding the use of excessive force by jail employees. (Clark Aff. at ¶ 9; Smith Aff. at ¶ 11.) It is a violation of jail policy to use excessive or unnecessary force towards an inmate. Id.

The Covington County Commission has contracted with Southern Health Partners, Inc. (hereafter, "SHP") to provide all health care related services for the inmates of the Covington County Jail. (Clark Aff. at ¶ 10; Smith Aff. at ¶ 15.) Accordingly, the jail staff, including Sheriff Clark, have no authority or control over the provision of such services, and rely on the training and expertise of SHP for such services. (Clark Aff. at ¶ 11; Smith Aff. at ¶ 16.) Moreover, SHP staff maintain, control, secure and dispense all medications. (Clark Aff. at ¶ 12; Smith Aff. at ¶ 17.) Covington County Jail personnel do not have access to patient medications. Id. However, jail staff are instructed to contact the SHP nurse if an inmate is in obvious distress. (Clark Aff. at ¶ 11; Smith Aff. at ¶ 16.) The jailers are required to follow any instructions given by the nurse. Id. If a jailer believes he is confronting an obvious emergency, he has full authority to summon an ambulance to take an inmate to Andalusia Regional Hospital. Id.

Defendant Sheriff Anthony Clark has no personal involvement in the day-to-day operations of the Covington County Jail. (Clark Aff. at ¶ 8.) He has delegated these

responsibilities to the jail administrator. Id. Sheriff Clark has no personal knowledge of the facts of the Plaintiff's Complaint. (Clark Aff. at ¶ 3.)

## B. LAW RELATING TO THE PLAINTIFF'S ALLEGATIONS

### 1. The Plaintiff's Claims are Barred by the Prison Litigation Reform Act for Failure to Exhaust Administrative Remedies.

The Prison Litigation Reform Act requires exhaustion of all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a). Exhaustion is required for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The Plaintiff in this case has not utilized two separate and distinct administrative remedies available to him. As a result, his claims are barred.

First, the Plaintiff failed to properly utilize the grievance procedure provided at the local level in the Covington County Jail to address his claims. (Smith Aff. at ¶ 7; Clark Aff. at ¶ 7.) The Covington County Jail had a grievance procedure. (Smith Aff. at ¶ 4; Clark Aff. at ¶ 4.) The Plaintiff never filed a grievance related to any of his claims. (Smith Aff. at ¶ 7; Clark Aff. at ¶ 7.)

Second, the Plaintiff has not alleged that he pursued any grievance through the State Board of Adjustment. See Brown v. Tombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998) (requiring prisoners to affirmatively show that they have exhausted administrative remedies). Alabama law provides the opportunity to file a claim and proceed before the Alabama State Board of Adjustment pursuant to Ala. Code § 41-9-60 et seq.

As state officials, both sheriffs and jailers enjoy sovereign immunity from suit under Article I, § 14 of the Alabama Constitution. Turquitt, 137 F.3d at 1288-89. Consequently, a claim for monetary damages against these Defendants is, in essence, a claim against the State of

Alabama. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Lancaster, 116 F.3d at 1429; see also Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Because both the Covington County Jail and the State provided administrative remedies that the Plaintiff failed to exhaust, the Plaintiff's claims are barred by 42 U.S.C. § 1997e(a). See Alexander v. Hawk, 159 F.3d 1321, 1326-27 (11th Cir. 1998) (affirming dismissal of present action due to failure to exhaust administrative remedies).

**3. The Defendants, in their Official Capacities, are Entitled to Judgment in their Favor as a Matter of Law.**

In his Complaint, the Plaintiff has not designated whether he is suing Defendants Sheriff Anthony Clark and former Jail Administrator Kevin Smith in their official or individual capacities. Out of an abundance of caution, to the extent the Plaintiff's Complaint can be construed as making official capacity claims, the Eleventh Amendment bars such claims. Additionally, these Defendants, in their official capacities, are not "persons" for purposes of 42 U.S.C. § 1983.

**(a) All official capacity claims against Defendants are barred by the Eleventh Amendment to the United States Constitution.**

The Plaintiff's official capacity claims are due to be dismissed for lack of subject matter jurisdiction. Sheriff Anthony Clark, in his capacity as sheriff, and former Jail Administrator Smith as an employee of the Sheriff, are executive officers of the State of Alabama. Therefore, a suit against these Defendants, in their official capacities, is a suit against the State of Alabama. See Hafer, 502 U.S. at 25; Lancaster, 116 F.3d at 1429; see also Kentucky v. Graham, 473 U.S. at 165-66. Because this suit is, in effect, a suit against the State of Alabama, the Eleventh Amendment to the United States Constitution bars the Plaintiff's claims under § 1983. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989); see also Dean v. Barber, 951 F.2d 1210, 1215 n.5 (11th Cir. 1992); Carr v. City of Florence, 916 F.2d 1521, 1525 (11th Cir. 1990) (citing

Parker v. Williams, 862 F.2d 1471, 1476 (11th Cir. 1989) and upholding the proposition that a deputy sued in his official capacity is entitled to Eleventh Amendment immunity). Thus, this Court lacks subject matter jurisdiction over these claims.

**(b) Defendants Sheriff Anthony Clark and former Jail Administrator Smith, in their official capacities, are not "persons" for purposes of 42 U.S.C. § 1983.**

42 U.S.C. § 1983 prohibits a person, acting under color of law, from depriving another of his rights secured by the United States Constitution. 42 U.S.C. § 1983 (2005). The United States Supreme Court has held that a state official sued in his or her official capacity, is not a "person" under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Thus, any claims against these Defendants, in their official capacities, are due to be dismissed because the Defendants are not a "person" under § 1983, and therefore, these claims fail to state a claim upon which relief can be granted. Id.; Carr, 916 F.2d at 1525 n.3 (citing Will and noting that, in addition to entitlement to Eleventh Amendment immunity, "neither a State nor its officials acting in their official capacities are a 'person' under § 1983").

**4. Defendants Sheriff Anthony Clark and former Jail Administrator Smith are Entitled to Qualified Immunity.**

In their individual capacities, Defendants Sheriff Anthony Clark and former Jail Administrator Kevin Smith are entitled to qualified immunity and a dismissal of Plaintiff's claims unless they violated his clearly established constitutional rights of which a reasonable person would have known. Lancaster v. Monroe County, 116 F.3d 1419, 1424 (11th Cir. 1997). Qualified immunity is a protection designed to allow government officials to avoid the expense and disruption of trial. Ansley v. Heinrich, 925 F.2d 1339, 1345 (11th Cir. 1991). The Eleventh Circuit Court of Appeals has observed, "[t]hat qualified immunity protects governmental actors is the usual rule; only in exceptional cases will government actors have no shield against claims

made against them in their *individual capacities*." Lassiter v. Alabama A & M Univ., 28 F.3d 1146 (11th Cir. 1994) (en banc) (emphasis in original) (footnote omitted). In the light of pre-existing law the unlawfulness must be apparent. Anderson v. Creighton, 483 U.S. 635, 640 (1987). Mere statements of broad legal truisms, without more, are not sufficient to overcome qualified immunity. Post v. City of Ft. Lauderdale, 7 F.3d 1552, 1557 (11th Cir. 1993).

Once a defendant has asserted the defense of qualified immunity, the threshold inquiry a court must undertake is whether the Plaintiff's allegations, if true, establish a constitutional violation. Saucier v. Katz, 533 U.S. 194, 201 (2001). This initial inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)). The second inquiry is, if a constitutional violation is stated, were these rights "clearly established" to the degree that this Defendant had "fair warning" that his conduct violated the Plaintiff's constitutional rights? Willingham v. Loughnan, 321 F.3d 1299, 1301 (11th Cir. 2003).

In making an assessment of whether the particular conduct of these Defendants was clearly established as being violative of constitutional dictates, the reviewing court must examine the state of law at the time the alleged deprivation occurred. See Rodgers v. Horsley, 39 F.3d 308, 311 (11th Cir. 1994). A constitutional right is clearly established only if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987); Lancaster v. Monroe County, 116 F.3d 1419, 1424 (11th Cir. 1997). "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest

court of the state where the case arose." Jenkins v. Talladega Board of Education, 115 F.3d 821, 827 (11th Cir. 1997) (en banc) (citations omitted).

The Plaintiff has failed to allege, and the facts do not support, that these Defendants violated the Plaintiff's federally protected rights. Prison officials may be held liable for denying humane conditions of confinement only if they know that inmates face substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Jailers are not the guarantors of a prisoner's safety. See Popham v. City of Talladega, 908 F.2d 1561, 1564 (11th Cir. 1990).

The Plaintiff appears to assert that Sheriff Clark and Administrator Smith were deliberately indifferent to a serious risk of harm posed by inmate Letteron Stoudemire[1], as well as assaulting the Plaintiff (as to Defendant Smith), and failing to provide medical attention for wounds sustained as a result of the alleged assault. However, as Sheriff Clark is not specifically accused of doing anything wrong,[2] it is unclear why he has been sued. Nevertheless, none of the Plaintiff's claims against these Defendants are valid.

**(a) Defendants Sheriff Anthony Clark and Jail Administrator Smith were not deliberately indifferent.**

The Plaintiff has not asserted valid claims against Sheriff Clark. First, Sheriff Clark cannot be held liable on a theory of *respondeat superior*. Second, there are no allegations of any wrongdoing on the part of Sheriff Clark. Third, there is no causal connection between the

[1] The Plaintiff identifies this individual as "Terry Stoudimire."

[2] Though named as a Defendant, Sheriff Clark does not appear anywhere in the Plaintiff's Statement of Facts.

policies promulgated by Sheriff Clark and former Jail Administrator Smith and the Plaintiff's alleged injuries.[3]

The instant Plaintiff alleges that he was unlawfully assaulted, denied medical care, and placed in danger of physical harm. Defendants are entitled to judgment in their favor as a matter of law on these claims for three reasons. First, the Defendants' policies and actions were not deliberately indifferent to a constitutional right of the Plaintiff. Second, the Defendants did not promulgate policies that caused the Plaintiff's alleged constitutional deprivations. Third, no clearly established law provided Defendants with "fair warning" that their conduct was unlawful.

**2. The Complaint fails to allege a constitutional violation in that Defendants were not deliberately indifferent to the Plaintiff's Constitutional rights.**

The Eleventh Circuit has stated that to establish an Eighth Amendment excessive force violation, a prisoner must prove that his injury was caused by an unnecessary and wanton infliction of pain. In such cases a court must decide whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and cruelly to cause harm. Harris v. Chapman, 97 F.3d 499, 505 (11th Cir. 1996); McBride v. Rivers, No. 5:04-CV-26, 2005 WL 1163192 at *3 (May 16, 2005).

The United States Supreme Court has ruled that "prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve the internal order and discipline and to maintain institutional security." McBride, 2005 WL 1163192 at *4. The Court has further stated that this deference extends to measures taken in response to an actual confrontation with a disorderly inmate. Id. Consequently, a judge should not freely substitute his judgment for that of officials

[3] This reference to the Plaintiff's injuries is solely for the purpose of addressing the Qualified Immunity standard. As to the allegations concerning Stoudemire, the Plaintiff has not alleged that the feared assault actually occurred,

who have made a considered choice. Id. See also, Whitley v. Albers, 106 S.Ct. 1078 (1986).

In the case at bar, the Covington County Jail has a policy forbidding the use of excessive force. (Clark Aff. at ¶ 9; Smith Aff. at ¶ 11.) However, it is undisputed that occasionally physical force is necessary to ensure the security and safety of the facility. Id. In this case, the minimum reasonable amount of force was used in order to subdue and secure the Plaintiff without risking injury to either the Plaintiff or the Defendants. (Smith Aff. at ¶ 14.) Defendant Smith's contact was pursuant to a legitimate security policy of the Covington County Jail, and the force used was *de minimus*. Id. Finally, the contact was initiated in response to the Plaintiff's disorderly and defiant conduct.

Further, the Covington County Jail had a policy of protecting its inmates from potential "enemies." In the case at bar, the Jail made a notation on the Plaintiff's intake sheet regarding the potential conflict between the Plaintiff and Letteron Stoudemire. (Smith Aff. at ¶ 10.) In light of that potential conflict, the Plaintiff was placed in a separate cell block, and there was no potential for contact between the Plaintiff and inmate Stoudemire without immediate correctional officer supervision. Id. Therefore, the Defendants were not deliberately indifferent to this potential danger. Finally, the Plaintiff has failed to allege that he suffered any actual harm from inmate Stoudemire. (See, generally, Complaint.)

**2. The Plaintiff did not suffer from an objectively serious medical need.**

A constitutional violation under the Eighth Amendment for denial of medical care is stated where the facts tend to show that a jail official was deliberately indifferent to the serious medical needs of an inmate. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). The Plaintiff must satisfy both an objective and a subjective inquiry. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir.

---

and has failed to allege any actual injury.

2000); Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995). First, he must show an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, the Plaintiff must demonstrate that the Defendant acted, or failed to act, with an attitude of "deliberate indifference" to that serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A prison official cannot be deliberately indifferent to an excessive risk to an inmate's health unless he is both "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . draws[s] the inference." Farmer, 511 U.S. at 837.

In the instant case, the Plaintiff has failed to allege any facts tending to show that Sheriff Clark or former Jail Administrator Smith knew of a serious medical condition. (Smith Aff. at ¶ 14.) In fact, though Plaintiff alleges that he suffers from pain in his eye and teeth, there are no medical documents of any kind to substantiate such a claim. (See generally, Inmate File.). (Complaint.)

**2. The Complaint fails to allege a constitutional violation in that Defendants were not deliberately indifferent to the Plaintiff's serious medical needs.**

The Constitution does not mandate comfortable prisons. Rhodes v. Chapman, 452 U.S. 337, 349 (1981). Jail officials must provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter, and medical care. Hudson v. Palmer, 468 U.S. 517, 526-527 (1984). A claim is stated only where the conditions of confinement pose a risk to the health or safety of an inmate and the defendant official is deliberately indifferent to that risk. Farmer, 511 U.S. at 837.

These Defendants were not deliberately indifferent to any objectively serious need that could be construed in the Plaintiff's Complaint. In order to be deliberately indifferent, an official must both know of a serious risk of harm and disregard it. Farmer, 511 U.S. at 837. In the

instant case, the Plaintiff has failed to allege any facts tending to show that the Defendants knew of a serious medical condition. In fact, other than naming Sheriff Clark as a defendant in Section III of the Complaint, the Plaintiff fails to mention Sheriff Clark anywhere in the statement of facts. (See generally, Complaint.)

**(1) *Respondeat Superior* cannot serve as a basis for § 1983 liability.**

To the extent the Plaintiff seeks to impose vicarious liability on these Defendants, his claims are due to be dismissed. As noted previously, vicarious liability is not permitted under § 1983. See Monell, 436 U.S. at 691.

**(2) There is no allegation of any personal wrongdoing on the part of Sheriff Anthony Clark.**

As previously noted, the Plaintiff's statement of the facts is devoid of any reference to Sheriff Anthony Clark. Furthermore, the uncontroverted evidence demonstrates that Sheriff Clark was not present during any of the events set out in the Plaintiff's Complaint. (Clark Aff. at ¶ 3). Additionally, Sheriff Clark has little or nothing to do with the day-to-day operations of the Covington County Jail. (Clark Aff. at ¶ 8). He has delegated the day-to-day operations of the jail to Jail Administrator Smith. Id. Consequently, as there is no allegation or proof of personal involvement, the only possible theory of liability is that they established policies or customs that caused the Plaintiff to fear for his safety and well-being.

**(3) There is no causal connection between any policy or custom promulgated by Defendants Sheriff Anthony Clark and Administrator Smith and the Plaintiff's alleged injuries.**

The Eleventh Circuit has stated what is required to make out a § 1983 claim against a supervisor:

> Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. The causal

> connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.

Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted). The causal connection may be established where the supervisor's improper "custom or policy ... result[s] in deliberate indifference to constitutional rights." Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991) (citing Zatler v. Wainwright, 802 F.2d 397 (11th Cir. 1986)). "[T]he inadequacy of police training may serve as the basis for § 1983 liability ***only*** where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989) (emphasis added).

Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates "on the basis of *respondeat superior* or vicarious liability." Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir. 1994) (citation and quotation omitted). The Eleventh Circuit applies a three-prong test that the Plaintiff must satisfy to establish supervisory liability: (1) the supervisor's actions, either in training, promulgating policy, or otherwise, were deliberately indifferent to the Plaintiff's rights; (2) a reasonable person in the supervisor's position would know that his or her actions were deliberately indifferent; and (3) the supervisor's conduct was causally related to the subordinate's constitutional infringement. Greason v. Kemp, 891 F.2d 829, 836-37 (11th Cir. 1990). The Complaint fails to allege facts supporting either of these elements, and there is no evidence to support the allegations even if they were made.

First, this Defendant's policies and actions were not deliberately indifferent. As noted above, there is no allegation or evidence of personal involvement on the part of Sheriff Clark. (See generally Complaint). Furthermore, there is no allegation that any Defendant had

knowledge (either actual or constructive) of a training deficiency in the Covington County Jail or that the policies and/or customs of the jail would result in constitutional violations. Id. There is no allegation of widespread obvious, flagrant, rampant and continuous abuse by corrections officers. Id. In fact, in response to the Plaintiff's concerns, the jail staff made a note on the Plaintiff's intake sheet indicating that he should not be in the same cell block as Stoudemire. (Inmate File.)

Second, there are no facts in the record from which a reasonable person could conclude that the conduct of these Defendants was deliberately indifferent. The Plaintiff has not even alleged facts tending to identify a policy, let alone one that demonstrates deliberate indifference. Consequently, the Plaintiff has failed to meet the second element of supervisory liability under § 1983.

Regarding the third element of supervisory liability, there is no causal connection between these Defendants' conduct and the alleged constitutional deprivation. Again, Sheriff Clark was not present during any of the events described in the Plaintiff's Complaint. There is no evidence that Sheriff Clark and Administrator Smith failed to train the jail personnel.

The Plaintiff has failed to allege, and the facts do not show, the existence of the elements of supervisory liability under § 1983. See Greason, 891 F.2d at 836-37. These Defendants cannot be held vicariously liable under § 1983. Monell, 436 U.S. at 694-95. Consequently, Sheriff Anthony Clark and former Jail Administrator Smith are entitled to qualified immunity and judgment in their favor as a matter of law. Saucier, 533 U.S. at 201.

## IV. MOTION FOR SUMMARY JUDGMENT

### A. Summary Judgment Standard

On a motion for summary judgment, the court should view the evidence in the light most favorable to the nonmovant. Greason, 891 F.2d at 831. However, a plaintiff "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Only reasonable inferences with a foundation in the record inure to the nonmovant's benefit. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000). "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted or unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" Reeves, 530 U.S. at 151, quoting 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, p. 299.[4] "A reviewing court need not 'swallow plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.'" Marsh v. Butler County, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc) quoting Massachusetts School of Law v. American Bar, 142 F.3d 26, 40 (1st Cir. 1998).

### B. Defendant's Motion for Summary Judgment

The Defendants respectfully request that this Honorable Court treat this Special Report as a motion for summary judgment and grant unto them the same.

Respectfully submitted this 23rd day of January, 2006.

[4] Although Reeves was a review of a motion for judgment as a matter of law after the underlying matter had been tried, the Supreme Court, in determining the proper standard of review relied heavily on the standard for summary judgment stating, "the standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'" Reeves, 530 U.S. at 150, citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-251 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

**s/Scott W. Gosnell**
SCOTT W. GOSNELL, Bar Number: GOS002
Attorney for Defendants
WEBB & ELEY, P.C.
7475 Halcyon Pointe Road
Montgomery, Alabama 36117
Telephone: (334) 262-1850
Fax: (334) 262-1889
E-mail: sgosnell@webbeley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 23rd day of January, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and served the following by U.S. Mail:

Lawrence Patrick Phillips
c/o Covington County Jail
290 Hillcrest Drive
Andalusia, Alabama 36420

**s/Scott W. Gosnell**
OF COUNSEL