# EXHIBIT B
# Affidavit of Kevin Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAWRENCE PATRICK PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:05-CV-1159-T |
| | ) |
| ANTHONY CLARK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**AFFIDAVIT OF KEVIN SMITH**

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF COVINGTON | ) |

1. My name is Kevin Smith. I am over the age of nineteen and am competent to execute this affidavit, which is based on my personal knowledge, training and experience.

2. At all times relevant to Plaintiff's Complaint I was the full-time interim jail administrator of the Covington County Jail.

3. I have reviewed the Plaintiff's Complaint filed in this matter. I have personal knowledge of some of the facts stated in the Complaint.

4. It is the policy of the Covington County Sheriff's Department that members of the jail staff receive and answer inmate grievances. Forms on which grievances may be related to the jail staff are readily available in the jail. Inmates are furnished these forms at any time they request one. An exception exists for requests of an emergency nature, which may be made orally. Members of the jail staff are charged with responding to such grievances. Copies of all completed grievances and request forms are placed in an inmate's jail file.

5. Inmates are made aware of the grievance procedure.

6. To not provide an inmate with a grievance form or address a grievance would be a violation of the policy of this jail.

7. To my knowledge, the Plaintiff has not filed a grievance with respect to any of the allegations in his lawsuit.

8. It is the policy of the Covington County Jail that threats to an inmate are taken seriously and action is taken when an inmate reports a threat. It would be a violation of the policies of the Covington County Jail to ignore an inmate's report of a threat.

9. To my knowledge, the Plaintiff has not reported any threat to his person.

10. At the time the Plaintiff was booked into the Covington County Jail, a notation was made on his intake sheet that he was not to be placed in the same cell block as Letteron Stoudemire. Letteron Stoudemire was celled in "B" Block, and the Plaintiff was placed in "A" Block. Subsequently, inmate Stoudemire was made a trustee at the jail and moved to the trustee hall. Nevertheless, inmate Stoudemire never had access to "A" Block without being escorted and supervised by a correctional officer. To my knowledge, the Plaintiff never entered "B" Block or the trustee hall.

11. Covington County Jail personnel are occasionally required to use physical force in the performance of their duties in order to ensure the orderly administration of the jail and the safety of jail staff and inmates. However, the Covington County Jail and Covington County Sheriff Department has a policy forbidding the use of excessive force in pursuit of those goals. It would be a violation of jail policy for jail personnel to use excessive or unnecessary force directed towards an inmate.

12. In or about the middle of September, 2005, the Plaintiff and the Plaintiff's cousin, Hayward Phillips, requested a pass out of the Covington County Jail in order to attend the

funeral for a member of the family. On or about September 26, 2005, I informed both inmates that I could not give them a pass, but that I might be able to arrange an escort for them to go to the funeral. At this time, Hayward Phillips began to get unruly and disruptive, and I was forced to physically restrain him. While I was attending to Hayward Phillips, the Plaintiff grabbed me from behind, threw me against the jail wall, and attempted to strike me several times. I managed to fend off most of the Plaintiff's attacks, but one blow struck me on the head. Inmate Hayward Phillips attempted to intervene and prevent the Plaintiff from attacking me.

13. During the foregoing attack I yelled for assistance from another correctional officer, Rodney Burkett, who was in the jail control room. Officer Burkett radioed for assistance, and then exited the control room and attempted to restrain the Plaintiff. At this point the Plaintiff resisted and began fighting Officer Burkett. Officer Burkett and I, with the assistance of Correctional Officer Fred Piland who had responded to Officer Burkett's call, managed to restrain the Plaintiff and began escorting him to his cell. At some point on the way to his cell, the Plaintiff attempted to strike me again. In an effort to control the Plaintiff and prevent him from striking me, I grabbed the Plaintiff by the throat. At this point Officer Piland sprayed the Plaintiff with chemical spray. The Plaintiff quit resisting and was escorted to his cell.

14. The force used in the aforementioned incident was restricted to the minimum force necessary to maintaining control of the Plaintiff and ensure the protection of the Plaintiff and jail personnel. At no time was the Plaintiff struck, kicked, or otherwise assaulted beyond the minimum standardized and approved pressure point and joint manipulation control techniques required to subdue the Plaintiff. At no time was the Plaintiff injured, and I observed no blood or

3

other injury at the conclusion of the aforementioned incident. Jail records reveal no medical assistance or request for medical assistance related to this incident.

15. The Covington County Commission has contracted with Southern Health Partners, Inc. ("SHP") to provide all health care related services to the inmates at the Covington County Jail. SHP provides a doctor and at least one nurse which are available for inmate needs 24 hours a day, seven days a week. In particular, SHP staff recommend and perform inmate physical and mental health evaluations and treatments, and initiate and/or confirm health-related appointments with outside health-care providers as needed. The responsibility of jail personnel with regards to health-related appointments outside the jail is limited to transporting the inmates to any such appointments upon the instruction of SHP staff.

16. Neither I nor any Covington County Jail personnel have any control, authority or responsibility for the provision of health care to jail inmates; we are required to rely on the training and expertise of SHP for such services. However, in emergency situations, jail personnel are authorized to contact the SHP nurse or doctor and/or call for an ambulance and emergency medical assistance.

17. Southern Health Partners staff maintain, control, secure and dispense all medications. Covington County Jail personnel do not have access to patient medications, and have no control, authority or responsibility for the dispensing of medications to inmates.

18. I certify and state that the documents provided to the Court which are attached to the Defendants' Special Report are true and correct copies of the Plaintiff's inmate and health records, kept at the Covington County Jail in the regular course of business.

_____
Kevin Smith

**SWORN TO** and **SUBSCRIBED** before me this _____19_____ day of January, 2006.


_Patricia Sweatt_
NOTARY PUBLIC

My Commission Expires: _1-29-09_

# EXHIBIT C
# Affidavit of Anthony Clark

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAWRENCE PATRICK PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:05-CV-1159-T |
| | ) |
| ANTHONY CLARK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF ANTHONY CLARK

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF COVINGTON | ) |

1. My name is Anthony Clark. I am over the age of nineteen and am competent to execute this affidavit, which is based on my personal knowledge, training and experience.

2. At all times relevant to Plaintiff's Complaint I was the lawfully elected Sheriff of Covington County, Alabama.

3. I have reviewed the Plaintiff's Complaint filed in this matter. I have no personal knowledge of any of the facts stated in the Complaint.

4. It is the policy of the Covington County Sheriff's Department that members of the jail staff receive and answer inmate grievances. Forms on which grievances may be related to the jail staff are readily available in the jail. Inmates are furnished these forms at any time they request one. An exception exists for requests of an emergency nature, which may be made orally. Members of the jail staff are charged with responding to such grievances. Copies of all completed grievances and request forms are placed in an inmate's jail file.

5. Inmates are made aware of the grievance procedure.

6. To not provide an inmate with a grievance form or address a grievance would be a violation of the policy of this jail.

7. To my knowledge, the Plaintiff has not filed a grievance with respect to any of the allegations in his lawsuit.

8. I am not personally involved in the day-to-day operations of the jail. I have delegated that power and authority to the Jail Administrator.

9. Covington County Jail personnel are occasionally required to use physical force in the performance of their duties in order to ensure the orderly administration of the jail and the safety of jail staff and inmates. However, the Covington County Jail and Covington County Sheriff Department has a policy forbidding the use of excessive force in pursuit of those goals. It would be a violation of jail policy for jail personnel to use excessive or unnecessary force directed towards an inmate.

10. The Covington County Commission has contracted with Southern Health Partners, Inc. ("SHP") to provide all health care related services to the inmates at the Covington County Jail. SHP provides a doctor and at least one nurse which are available for inmate needs 24 hours a day, seven days a week. In particular, SHP staff recommend and perform inmate physical and mental health evaluations and treatments, and initiate and/or confirm health-related appointments with outside health-care providers as needed. The responsibility of jail personnel with regards to health-related appointments outside the jail is limited to transporting the inmates to any such appointments upon the instruction of SHP staff.

11. Neither I nor any Covington County Jail personnel have any control, authority or responsibility for the provision of health care to jail inmates; we are required to rely on the training and expertise of SHP for such services. However, in emergency situations, jail

personnel are authorized to contact the SHP nurse or doctor and/or call for an ambulance and emergency medical assistance.

12. Southern Health Partners staff maintain, control, secure and dispense all medications. Covington County Jail personnel do not have access to patient medications, and have no control, authority or responsibility for the dispensing of medications to inmates.

13. It is the policy of the Covington County Jail that threats to an inmate are taken seriously and action is taken when an inmate reports a threat. It would be a violation of the policies of the Covington County Jail to ignore an inmate's report of a threat.

14. To my knowledge, the Plaintiff has not reported any threat to his person.

15. I certify and state that the documents provided to the Court which are attached to the Defendants' Special Report are true and correct copies of the Plaintiff's inmate and health records, kept at the Covington County Jail in the regular course of business.

16. I affirm, to the best of my present knowledge and information, that the above statements are true, that I am competent to make this affidavit, and that the above statements were made by drawing from my personal knowledge of the situation.

_____
Anthony Clark

**SWORN TO** and **SUBSCRIBED** before me this _19_th day of January, 2006.

_____
NOTARY PUBLIC

My Commission Expires: _1-29-09_

4